LORING PLIMPTON vs. DANIEL M. CHAMBERLAIN.

The declarations and acts of an owner of land, while acting as commissioner to divide an adjoining estate, as to the greater value of the share set off to one tenant in common, by reason of a right to take water from a stream flowing through the land of such commis- sioner, are admissible in evidence against his heir; in favor of the party to whom such share is so set off.

ACTION OF TORT for obstructing the flow of water from a stream in Southbridge through a ditch to mowing land of the plaintiff, to which he derived title through his wife, the daughter of Smith Ellis.

At the trial in the court of common pleas, before *Byington*, J. it appeared that Ellis in 1808 conveyed to Nathan Streeter one half of a saw mill standing lower than this ditch, on the same stream, with one half of the water privilege; and in 1835 Streeter conveyed the same to Sylvanus Chamberlain, the father of the defendant, who died in 1850, and the defendant became the owner of the same as his heir at law. In 1844, Ellis having died, a partition was made of his estate, by which there was set off to the plaintiff's wife the lot of land described in the declara- tion, " and right to the privilege for taking water from the brook or creek supplying saw mill, in the usual manner and place, taken for watering said lot." Sylvanus Chamberlain, the father of the defendant, was appointed and acted as one of the com- missioners to make said partition, and signed their report, which was returned to the probate court, assented to by all the heirs, and accepted by the court.

One of the other commissioners, being called as a witness by the plaintiff, testified that, " when the commissioners were to- gether to make said partition, said Chamberlain being present, it was said between them that the privilege of the ditch formed a considerable item of the value of the farm, and must be taken into consideration of the value of the lot set off to the plaintiff's wife; that Chamberlain consented that the privilege of the water did add to the value of that lot, and made no question as to the right to take the water; that it was said that the water

was to be taken in that old ditch, and go to the mowing, (the lot assigned to the plaintiff,) and there was no other way in which it could go."

The defendant objected to the admission of this testimony; and requested the judge to exclude testimony as to what was said between the commissioners in reference to said privilege of taking water prior to their signing the partition, and while they were acting as commissioners; and to instruct the jury that the setting off to the plaintiff's wife had no more effect in law, as against the defendant, than if his father had not acted as one of the commissioners. But the judge overruled the objection; and admitted in evidence the acts and doings of Sylvanus Chamberlain as commissioner; and also admitted said testimony of the other commissioner, as evidence tending to show an admission by said Chamberlain of the right of Ellis to take water from the stream to irrigate his land; and submitted the case, upon all the evidence introduced on both sides, (which was conflicting,) to the jury, who returned a verdict for the plaintiff. The defendant alleged exceptions.

*H. Chapin,* for the defendant.

*C. Allen,* for the plaintiff.

METCALF, J.    The declarations of Sylvanus Chamberlain, whilst he owned the defendant's estate, were admissible in evidence against the defendant, his heir at law; and their effect was to be judged of by the jury. 1 Greenl. Ev. § 109.    *Marcy* v. *Stone,* 8 Cush. 4.    *Doe* v. *Campbell,* 1 Ired. 482.    They were admissible, not because he was a commissioner to divide Ellis's estate, and because they were made when he was so acting, but because they were made when he was owner of part of the mill and water privilege, and were against his interest.    Whether the division of Ellis's estate should have any greater legal effect, by reason of Sylvanus Chamberlain's having acted as one of the commissioners who divided it, than it should have had, if he had not so acted, depended upon the view which the jury might take of his acts as well as of his declarations.    If the jury believed that he, as commissioner, appraised that estate higher than he otherwise would, because of a right to take water to it

through the ditch, then greater legal effect should be given to the division, than should have been given to it, if he had not been such commissioner. His acts might legally be held to give additional weight to his declarations; especially as he was acting under oath. The judge therefore rightly declined to give the instruction which the defendant asked on this point.

*Exceptions overruled.*